64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Filimon Ortiz SANCHEZ, Defendant-Appellant.
 No. 94-30276.
 United States Court of Appeals, Ninth Circuit.
 Argued May 5, 1995.
Submission Deferred May 15, 1995.
Resubmitted August 1, 1995.
Decided Aug. 17, 1995.
 
 Before: WRIGHT, FERGUSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sanchez was convicted of conspiracy to distribute cocaine under 21 U.S.C. Secs. 846 and 841(b)(1)(A). He appeals his conviction. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 1. DOUBLE JEOPARDY
 
 3
 Our recent decision in United States v. Cretacci, No. 94-10235, slip op. 9565 (9th Cir. August 4, 1995), forecloses Sanchez' double jeopardy argument. We there held that the administrative forfeiture of unclaimed property does not constitute "punishment" for double jeopardy purposes. Id. at 9567-68. Similarly, the civil forfeiture after a default judgment here does not constitute punishment; in this context, defaulting does not differ from abandoning the property. See id. at 9571-72.
 
 2. STANDING TO CHALLENGE SEARCH AND SEIZURE
 
 4
 Sanchez lacks standing to challenge the search and seizure. He did not have an expectation of privacy in the car. See Rakas v. Illinois, 439 U.S. 128, 148-49 (1978).
 
 
 5
 The court determined that there was no credible evidence that Sanchez owned the car. See United States v. One 1977 Mercedes Benz, 708 F.2d 444, 449 (1983) (ownership is a factor to consider in standing determination). The finding is not clearly erroneous. See United States v. Padilla, 960 F.2d 854, 858 (9th Cir.1992), reversed on other grounds, 113 S.Ct. 1936 (1993). Another person's name was on the registration and no evidence was presented to indicate that Sanchez owned the car.
 
 
 6
 Also, he took no precautions to assure any privacy in the vehicle. See 1977 Mercedes, 708 F.2d at 449. He handed the keys to Carter and allowed him to repackage and hide the cocaine in the car. He relinquished his expectation of privacy when he lent the car to Carter.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3